**DEPARTMENT OF REVENUE, Commonwealth of Kentucky, Appellant**

v.

**Timothy J. EIFLER, Appellee.**

No. 2012–CA–000302–MR.

Court of Appeals of Kentucky.

Sept. 20, 2013.

Discretionary Review Denied by Supreme Court Aug. 13, 2014.

Bethany Atkins Rice, Frankfort, KY, for appellant.

Timothy J. Eifler, Stephen A. Sherman, Louisville, KY, for appellee.

Before CLAYTON, LAMBERT, and THOMPSON, JUDGES.

*OPINION*

CLAYTON, JUDGE:

This is an appeal from the Franklin Circuit Court's decision affirming an Attorney General's Opinion which held that the Appellee, Timothy J. Eifler, was entitled to obtain records from the Appellant, Kentucky Department of Revenue (the Department), under the Open Records Act (ORA). Based upon the following, we affirm the Franklin Circuit Court's opinion.

**FACTUAL SUMMARY**

Eifler filed a request to inspect documents with the Department on behalf of his client, Delta Resources, Inc. (Delta). He requested "[a] list of names, addresses,

and dates of registration of all taxpayers currently registered with the [Department] for the Utility License Tax." If these records did not exist, Eifler requested, "to inspect all documents, materials, computer software/databases or other records containing the names, addresses and/or dates of registration of all taxpayers currently registered with the [Department] for the Utility License Tax."

The Department's Custodian of Records, Sarah E. Pence, sent Eifler a denial of his request in writing, stating that a record of the names, addresses and date of registration of all taxpayers did not exist and that there was no preexisting method whereby extracting such information from tax returns was possible. She also explained that the Department believed Eifler's request came within the exemption from inspection set forth in Kentucky Revised Statutes (KRS) 61.878(1)(1). Eifler appealed this denial to the Kentucky Attorney General (OAG).

Pursuant to KRS 61.880, the OAG is the agency authorized to review a denial of an ORA request. In this case, the OAG held that the Department should turn over the records for inspection, finding that it maintained the documents sought and that they could be produced for inspection.

After the OAG's decision, the Department appealed to the Franklin Circuit Court for judicial review. After an analysis, the circuit court affirmed the OAG's report allowing Eifler access. The Department then brought this appeal.

## STANDARD OF REVIEW

■ We review a decision of law *de novo*. *Medley v. Board of Education of Shelby County*, 168 S.W.3d 398 (Ky.App. 2004).

## DISCUSSION

The Department first asserts that the information sought by Eifler is not publicly accessible under the plain meaning of KRS 131.081(15) and KRS 131.190. The Department argues that these statutes protect all information on tax returns unless one of the specifically enumerated exceptions provided in KRS 131.190(1)(b) and (2) through (7) applies.

KRS 131.081(15) provides that:

Taxpayers shall have the right to privacy with regard to the information provided on their Kentucky tax returns and reports, including any attached information or documents. Except as provided in KRS 131.190, no information pertaining to the returns, reports, or the affairs of a person's business shall be divulged by the department to any person or be intentionally and without authorization inspected by any present or former commissioner or employee of the Department of Revenue, member of a county board of assessment appeals, property valuation administrator or employee, or any other person.

KRS 131.190(1)(a) provides protection of information that would reveal "the affairs of any person" and "the affairs of the person's business." The Department contends that these provisions dictate that no information contained on Kentucky tax returns can be disclosed except under circumstances that fit within the enumerated exceptions.

The Department also contends that the protection and confidentiality of information relating to "the affairs of any person" must be construed to include a taxpayer's name and address in light of the civil and criminal penalties imposed for violation of the statutes. It argues that to adopt the circuit court's reasoning (that KRS 131.190(1)(a) prevents disclosure of taxpayer information only if the information per-

tains to the affairs of a person's business) renders the phrase "the affairs of any person" to be meaningless. The Department asserts that revealing the identity of those who pay the tax and their liability date reveals their personal business affairs since it identifies them as taxpayers and the date of their taxation. It argues that such information identifies the type of business in which they engage as well as their energy costs.

KRS 131.190(1)(b)(2) provides that protection is not afforded to any matter "in any way made a matter of public record." The Department is only authorized to "divulge to the applicable school districts on a confidential basis any utility gross receipts license tax return information that is necessary to administer the provisions of KRS 160.613 to 160.617," the school tax returns which set forth the information Eifler seeks. KRS 131.190(7).

As set forth above, the OAG is the administrative agency which is authorized to review the denial of a request to inspect a public record under KRS 61.880. In this case, the OAG overruled the Department's denial of the production of the records. In its Order, the OAG held that since the Department maintains the documents with the information Eifler sought, and since the documents could be produced for inspection, the Department had violated the ORA by denying the request for the records. It also went on to find that since the Department's registration applications contain the information sought by Eifler, and since they could easily be redacted to comply with privacy requirements, Eifler was entitled to inspect or obtain copies of the redacted applications.

Specifically, the OAG has held that:

[T]he purpose[ ] of the Open Records Act is to allow any person to check on the operation of the government by inspecting the records of the various cabi-

nets, departments, and agencies. Whether taxes are being paid by persons and companies legally obligated to pay them is a legitimate interest and any person has a right to check on that matter.

1986 Ky. Op. Atty. Gen. 2–163, Ky. OAG 86–11, 1986 WL 222272 (Ky.A.G.), at p. 2. In holding that Eifler's request should be granted, the OAG followed this reasoning.

The Department argues that the legislative history of our Commonwealth supports an interpretation that the entire tax return is confidential and not subject to redaction. In the preamble to the Kentucky Taxpayers' Bill of Rights, the General Assembly set forth that taxes are a sensitive point of contact between the Commonwealth and its citizens. Consequently, it asserts that there must be maintained a delicate balance between the rights of the taxpayer and the collection of taxes. The Department contends that the preamble shows that the General Assembly recognized that information normally regarded as sensitive and private were set forth in tax returns and that such should be protected.

In *United States v. Richey*, 924 F.2d 857, 860 (9th Cir.1991), the court held as follows:

The government's interest in the confidentiality of tax information has two components. First, confidentiality is necessary to ensure compliance with federal tax laws. The American tax structure is unique in that it is based on a system of self-reporting. There is legal compulsion, to be sure, but basically the government depends upon the good faith and integrity of each potential taxpayer to disclose honestly all information relevant to tax liability. In enacting the statutory provisions guaranteeing confidentiality, including section 7213, Congress observed that the question . . .

whether the public's reaction to this possible abuse of privacy would seriously impair the effectiveness of our country's very successful voluntary assessment system which is the mainstay of the Federal tax system.

The government also has an interest, asserted on behalf of its taxpayers, to ensure each individual taxpayer's right to privacy. A tax return and related information contains many intimate details about the taxpayer's personal and financial life. An individual's tax return will contain, in addition to the nature and source of income, information about the taxpayer's family, political affiliation, health data, and union membership. Likewise, a corporate tax return will contain detailed financial information which could potentially be abused by competitors. Clearly, individual taxpayers desire to keep this information confidential.

(Citations and quotations omitted.)

The Department argues that the presence of this information renders the entire tax return confidential and ineligible for redaction and disclosure under the Freedom of Information Act. It contends that the General Assembly provided a remedy for Eifler to "check up" on its administration of the school tax without the need to examine individual tax returns. Specifically, in KRS 131.081, the Department is directed to:

> [D]evelop and implement a Kentucky tax education and information program … to enhance the understanding of and compliance with Kentucky tax laws, including the application of new tax legislation to taxpayer activities … to publish brief statements in simple and nontechnical language which explain … the rights and obligations of taxpayers … and, if practical and appropriate, in informational publications by the department distributed to the public.

KRS 131.081(1) and (2). The Department asserts that, in accordance with these provisions, it has developed a website to provide information regarding the school tax at issue and that Eifler can find information regarding the administration of the school tax there, as well as in various quarterly publications of its Tax Alert.

As stated by the circuit court, in determining whether these records are obtainable under the ORA, we must weigh the legislatively recognized policy of protecting the affairs of the taxpayer and the taxpayer's business against the competing public interest of the ORA. As set forth in KRS 61.878, when a public record contains information that is both exempted and non-exempted from disclosure, it is required to separate the material but make it available for examination.

In *Kenton County Fiscal Court v. Kentucky Enquirer*, 2010 WL 890012 (Ky. App.2010)(2008–CA–002064–MR), a panel of our Court held that "it is in the interest of public policy for the public to have access to occupational license applications however limited the information may be once redacted to provide the name and location of the business." *Id.* at *6. In this case, the redaction of private information on the tax returns could be accomplished as well. We agree with the circuit court that the Department's interpretation of KRS 131.190(1)(a) and KRS 131.081(15) is overbroad. The courts continue to favor openness of records and the ability to redact private information which is exempt under the statute. We agree with the OAG and the circuit court that the records sought by Eifler are not exempt under the ORA.

Finally, the Department argues that even assuming the information is not

exempt, it may create a query and recover costs at its discretion. The ORA does not dictate that public agencies must gather and supply information not regularly kept as part of its records. The Attorney General found in this case that the Department maintains documents containing the information Eifler seeks and that the information may be produced with the redaction of all information except the name, address and date of registration of the taxpayer. The Department argues that it does not have the registration application in the format requested and that in order to comply with Eifler's request, it would have to create a query to compile the records. The Department's own representative, David M. Warfield, testified otherwise in his deposition. He also admitted that if someone took a screen shot for one particular account, the screen would show the name, address and liability date with further information.

The circuit court held that Eifler was entitled to inspect the public record, i.e., the Department's database, and that it did not need to create a query to satisfy the ORA request. We agree. The Department may redact the private information from the database and then allow Eifler to inspect the records.

Based upon the above, we affirm the decision of the Franklin Circuit Court and hold that the Department must produce the documents for inspection sought by Eifler.

ALL CONCUR.